Edwin D. Weary, Defendant in Error, v. Winton Motor
Car Company, Plaintiff in Error.

Gen. No. 21,746.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. ARTHUR J.
GRAY, Judge, presiding. Heard in this court at the October term,
1915. Reversed and remanded. Opinion filed March 27, 1916.

### Statement of the Case.

Action by Edwin D. Weary, plaintiff, against the
Winton Motor Car Company, defendant, for damages
caused to plaintiff's automobile in a collision with de-
fendant's automobile. From a judgment in favor of
plaintiff for $238.30, defendant brings error.

Plaintiff's contention was that the automobile of de-
fendant struck his automobile while he was turning his
car around in the middle of the block. On the ques-
tion of damages, defendant contended that just prior
to the instant collision, plaintiff's car had been in
collision with a horse-drawn truck, but the court would
not permit defendant's counsel to ask questions on
cross-examination concerning such former collision.

JOHN A. BLOOMINGSTON, for plaintiff in error.

A. C. WYLIE and RALPH ROSEN, for defendant in
error.

MR. JUSTICE HOLDOM delivered the opinion of the
court.

### Abstract of the Decision.

1. AUTOMOBILES AND GARAGES, § 6*—*when cross-examination of
plaintiff as to prior collision improperly refused in action for dam-
ages for injury to automobile.* Where, on the question of damages
in a suit therefor, on account of the collision of defendant's auto-
mobile with plaintiff's automobile, defendant sought to elicit by
cross-examination of plaintiff that plaintiff, a few minutes before

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

the instant accident, had a collision between his machine and a horse-drawn truck which had caused damage to plaintiff's machine, *held* to be error to refuse to permit such cross-examination.

2. AUTOMOBILES AND GARAGES, § 6*—*when refusal of cross-examination of witness on question of damage to automobile erroneous.* Where trial court refused to allow questions to be put to witness of plaintiff testifying as to the amount of damage done his automobile by defendant's automobile in a suit for damages, such questions having reference to the amount of damage caused plaintiff's car in a prior collision with a horse-drawn truck, and where such witness did not see plaintiff's car until after both collisions, and his estimate of damages did not take into consideration the former collision, such refusal *held* to be error.

3. AUTOMOBILES AND GARAGES, § 6*—*when refusal of cross-examination of witness for plaintiff as to prior collision erroneous.* Where plaintiff in an action for damages for injury to his automobile as a result of a collision with another automobile was allowed to prove by a witness that a police officer had stated to him that plaintiff was without fault in the collision on account of which suit is brought, and where the court refused to allow counsel for defendant to ask this officer whether plaintiff had not admitted to him that his car had a few minutes prior to the collision with defendant's car been in collision with a horse-drawn truck, and that as a result of such collision his car had been damaged, *held* that such refusal was error.

4. AUTOMOBILES AND GARAGES, § 6*—*when evidence inadmissible as being hearsay.* Where the son of plaintiff was permitted to testify that a police officer had stated to him that his father was without fault in the collision with defendant's automobile on account of which suit was brought, such testimony was clearly hearsay.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.